UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GARRY A. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02805-TWP-TAB |
| | ) | |
| R. ALEXANDER ACOSTA, | ) | |
| BUZZI UNICEM S.P.A., | ) | |
| BUZZI UNICEM USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Motion to Proceed *In Forma Pauperis***

**I. *In Forma Pauperis***

The plaintiff's motion to proceed *in forma pauperis*, dkt. [6], is **granted**. The assessment of an initial partial filing fee is waived.

**II. Screening**

The plaintiff has filed a complaint against the defendants alleging that the defendants caused him to suffer an adverse employment action based on his age. Dkt. 1, pp. 2-3. However, the complaint is otherwise indecipherable, and none of the allegations can be understood to support a claim for a violation of the Age Discrimination in Employment Act. The plaintiff's complaint, which is full of irrelevant facts and allegations, violates Rule 8(a)(2) of the *Federal Rules of Civil Procedure.* That rule requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ." Accordingly, the complaint is dismissed for violating Rule 8(a)(2). *See United States ex rel. Garst v. Lockheed–Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that

judges and adverse parties need not try to fish a gold coin from a bucket of mud."); *Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (complaint "must be presented with sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a valid claim).

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through November 1, 2018,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; and (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury. The plaintiff must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint should have the proper case number, 1:18-cv-2805-TWP-TAB and the words "Amended Complaint" on the first page. If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

**IT IS SO ORDERED**.

Date: 10/2/2018

_Tanya Walton Pratt_
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

GARRY A. CLARK
2192 Wynbrooke Blvd
Indianapolis, IN 46234