UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GARRY A. CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-02805-TWP-TAB |
| | ) |
| R. ALEXANDER ACOSTA, | ) |
| BUZZI UNICEM S.P.A., | ) |
| BUZZI UNICEM USA, INC., | ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing the Amended Complaint and Directing Entry of Final Judgment**

## I. Background

On October 2, 2018, the Court dismissed the plaintiff's complaint because it violated Rule 8(a)(2) of the *Federal Rules of Civil Procedure*. Dkt. 7. The Court directed the plaintiff to file an amended complaint. The plaintiff filed an amended complaint on October 22, 2018. The amended complaint is now subject to the screening requirement of 28 U.S.C. 1915(e)(2)(b).

## II. Screening

Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). As explained below, however, the complaint lacks an arguable basis in fact and in law. The complaint fails to invoke the limited jurisdiction of this Court. The complaint is frivolous as that term is used in 28 U.S.C. § 1915(e)(2)(B) and the action must therefore be dismissed.

The plaintiff alleges multiple violations of the Mine Act of 1977 by the defendants with respect to a criminal report that named the plaintiff. Unfortunately, the amended complaint suffers

from the same deficiencies that the initial complaint did. However, unlike the initial complaint, the amended complaint does not allege that the defendants caused him to suffer an adverse employment action based on his age. Rather, the amended complaint focuses on the "SLAM" program that somehow relates to the Mine Act[1]. Despite attempts to decipher Plaintiff's claims, the amended complaint is indecipherable.

A complaint that is wholly insubstantial does not invoke the district court's subject matter jurisdiction. When it becomes clear that a suit filed in forma pauperis is irrational or delusional, the district court is required to dismiss it. *Ezike v. National R.R. Passenger Corp.*, 2009 WL 247838, 3 (7th Cir. 2009). That is the case here. *Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (complaint "must be presented with sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a valid claim). Because the amended complaint fails to provide a short and plain statement of the claim showing that the pleader is entitled to relief, the action must be dismissed. Judgment dismissing the action for lack of jurisdiction shall now issue.

**IT IS SO ORDERED**.

Date: 10/24/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

GARRY A. CLARK
2192 Wynbrooke Blvd
Indianapolis, IN 46234

---

[1] In an attempt to decipher Plaintiff's claims, the Court has researched and determined that SLAM, an acronym (Stop, Look, Assess, Manage) is a program that helps mining operations attain a new level of risk assessment and long term risk mitigation strategies. See http://www.miningsafety.co.za/dynamiccontent/126/Making-zero-incidents-a-reality-through-SLAM